In re City of San Benito






COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


NUMBER 13-01-172-CV

IN RE: CITY OF SAN BENITO, ET AL., Relators,

On Petition for a Writ of Mandamus

____________________________________________________________________


NUMBER 13-01-199-CV

CITY OF SAN BENITO, ET AL., Appellants,


v.


RIO GRANDE VALLEY GAS COMPANY AND SOUTHERN UNION COMPANY 

D/B/A SOUTHERN UNION GAS COMPANY, Appellees.



On appeal from the 370th District Court of Hidalgo County, Texas.

____________________________________________________________________


DISSENTING OPINION

ON MOTION FOR REHEARING EN BANC

Before the Court En Banc

Dissenting Opinion by Justice Dorsey


I dissent from the majority's denial of relator's motion for rehearing because I would hold that the trial court abused its
discretion by denying the cities' requests to opt out of the class action lawsuit.

 The opt-out period was from June 24-August 1, 1996--approximately a five-week period of time. On the same day that the
class was certified, June 24, the court also signed an order directing the class counsel to "prepare and provide to the
members of the class the best notice practicable." That notice is mandated by Rule 42(c) of the Texas Rules of Civil
Procedure. Also, as mandated by Rule 42(c), the notice advised the class members of their right to opt out of the class and
set a deadline for when such opt-outs must be received in order to be effective. It said:



 [S]ubject to further order of the Court, . . . a class member may exclude itself from the class by providing the Court with a
duly authorized notification indicating its desire to be excluded from the class, and transmitting a certified copy of same by
certified U.S. Mail, return receipt requested, postmarked on or before August 1, 1996, to [counsel for the class].



The order also required the class counsel to submit an affidavit to the court by August 12, 1996, advising the court of the
identities of entities to whom the notice was mailed that had not requested exclusion from the class.

 The cities of Alamo, San Benito, Palmview, Santa Rosa, Alton, La Joya, La Villa, Penitas, Port Isabel, Edcouch and
Primera filed notices to opt out before the deadline had expired, but the trial court found that those opt-out notices were not
based upon proper authorization, and, therefore, struck them. This Court held that the trial court acted within its discretion
in refusing to allow the cities to opt out of the class action because it was unable to find any evidence that the Cities
authorized the attorney who filed the opt-out notices to take such an action on their behalfs. I believe this reasoning misses
the point.

 Counsel for the class argued to the trial court the opt-outs were ineffective because they were not authorized by proper City
action--that is, no vote was had in accordance with the Texas Open Meetings Act which authorized the opt-outs. While one
of the opt-outs was filed by the designated City Attorney, the others were filed by an attorney hired by each of the cities. 
The argument was that while the contract may have authorized the hiring of that attorney, it did not also authorize the
attorney to opt out of a class action. However, the actual authority of the attorney to sign a pleading on behalf of each
individual city was not challenged. Rather, it was the authority of the attorney to take the action of opting out on behalf of
the cities. I would hold that formal city action is not required to empower an attorney duly employed by a city to file a
notice opting the city out of a lawsuit when the intention of the city to opt out is clear.

 Governing authorities of cities can express themselves and bind the cities only by acting together in a meeting duly
assembled. Central Power & Light Co. v. City of San Juan, 962 S.W.2d 602, 613 (Tex. App.--Corpus Christi 1998, pet.
dism'd). A city council can transact a city's business transactions only by resolution or ordinance, by majority rule of the
council. Id. Any meeting of a city requires compliance with the Texas Open Meetings Act, or else the action is voidable
by court action. See Tex. Gov't Code Ann. §§ 551.002, 551.141 (Vernon 1994). While a city's governing body may not
delegate the right to make decisions affecting the transaction of city business, the governing body is authorized to delegate
to others the right to perform acts and duties necessary to the transaction of the city's business, if that is done by resolution
or ordinance, by majority vote. San Juan, 962 S.W.2d at 613. It appears that the contracts between the cities and TMTCI
authorized the hiring of the attorney who filed the opt-out notices on their behalfs.

 When a city is a potential class member, it should know from its charter what action is necessary for the city to opt out of
a litigation. San Juan, 962 S.W.2d at 613. I would defer to the city's implied determination that filing an opt-out notice
does not require formal city action. Filing an opt-out is analogous to filing a notice of appeal in that the failure to file it
results in a loss of legal rights for the city and that a relatively short time window exists in which to file it. In City of San
Antonio v. Aguilar, 670 S.W.2d 681, 686 (Tex. App.--San Antonio 1984, writ dism'd), the city attorney's authority to file a
notice of appeal without formal city action was challenged. The court explained:

 We understand that the Open Meetings Act should be broadly construed to protect the public's right to know. However, no
public meeting was necessary to consider the appeal. When, as in this case, a city council has been represented by its city
attorney in the trial court, the obligation of counsel is to advise the council of the prospective merits of an appeal. Then he
must insure appeal. To expect that the decision to appeal must be ratified at a formal public meeting is unrealistic. The
city council of a large city would be hard pressed to comply with the Open Meetings Act and also meet the precise
requirements of filing notice of appeal.

Id.

 The requirements imposed on the cities in this case were even more harsh than those imposed upon a litigant wishing to
file an appeal. Since notice of the pendency of the class action was not approved until June 24th, it could not have possibly
been mailed out before that day. Even assuming the best possible timing scenario, that would have left the cities hardly a
month to assemble a meeting and take formal action authorizing an opt-out. I would hold that such a requirement is as
unrealistic in the context of an opt-out requirement as it is in the context of a direct appeal. This Court expressly noticed
this concern in Central Power & Light v. City of San Juan, stating that, in class actions involving municipalities as
potential class members, "[t]he class certification notice should allow ample time for opt-out responses in order that the
municipalities may comply with their charters and other laws." San Juan, 962 S.W.2d at 613. I would hold that the
decision to opt out of a class action, when an attorney has been retained to represent the city's legal interests in that regard,
is not the type that requires formal city action but is rather an internal administrative decision and not within the purview of
the Open Meetings Act. See Aguilar, 670 S.W.2d at 686.

 Unlike most actions an attorney might take on behalf of a city, in the case of a class action opt-out notice, the failure to act
alters the status quo. It seems inappropriate to require formal city action when the city's inaction--rather than its
action--will change its legal rights and status.

 Moreover, I believe that trial courts should liberally allow parties to opt out. The rules regarding opting out are designed
to protect the putative class members, not to penalize them. In my opinion, the time period that the trial court gave for
opting out of this suit was too short. Also, the trial court must keep uppermost in its sights the fact that virtually all the
rules regarding class actions are designed to protect the interests of the unnamed class members. See General Motors
Corp. v. Bloyed, 916 S.W.2d 949, 953-54 (Tex. 1996). The trial court must remain vigilant in fulfilling its duty to protect
those interests. See id. Class action law, in general, recognizes that those interests are not necessarily in line with the
interests of the class proponents--i.e., class counsel and the named representative. See id. I would be suspicious when a
class proponent attempts to oppose any class member's exercise of his right to opt out, especially when class counsel uses
the Texas Open Meetings Act as a sword against those parties he proposes to "represent" as class counsel in order to defeat
their ability to opt out of the class. I believe the trial court should be reluctant to force a party to be a part of such a class. 
If a class member wishes to opt out because it has determined that its interests are not adequately represented through the
class action vehicle, I would defer to the class members' judgment. For those reasons, I would have granted the rehearing
on the mandamus issue and considered issuing the writ requiring the trial court to give effect to the opt-out notices.





 

J. BONNER DORSEY,

Justice



Publish.

Tex. R. App. P. 47.3(b).



Dissenting Opinion delivered and filed

this 15th day of November, 2001.